**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ARCHARD "ARCHIE" SIMMONS, on behalf of himself and all others similarly situated, | |
| Plaintiff(s) | Civil Action No.: |
| v. | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| ALLIED UNIVERSAL; UNIVERSAL PROTECTION SERVICE, LLC; and DOE DEFENDANTS 1-10, | **JURY TRIAL DEMANDED** |
| Defendant(s) | |

Plaintiff Archard "Archie" Simmons ("Plaintiff"), individually and on behalf of all similarly situated employees, alleges as follows:

## INTRODUCTION

1.      Defendant (as defined herein) is the "leading security company in North America," providing its clients with "localized response and national support with industry-leading solutions and approximately 140,000 highly-trained employees."

2.      Defendant's position as a self-described "leader" in the security industry, unfortunately, has come at the expense of its employees.

3.      As set forth below, Defendant has, since its formation resulting from a merger of two predecessor companies, improperly failed to pay Plaintiff and other hourly-paid security guards and the hourly-paid site supervisors, who also provided security services, employed by Defendant (collectively "Security Guards") premium overtime compensation for hours worked in excess of forty.

4.      This conduct is in contravention of black letter law.  Indeed, absent certain limited

legal exemptions which are not applicable here, all workers are entitled to compensation for all hours worked including premium overtime compensation for all hours worked in excess of forty in a given workweek.

5. Thus, Defendant's conduct, as explained in detail below, is in violation of applicable federal and state wage and hour laws, including the Fair Labor Standards Act ("FLSA" or the "Act"), 29 U.S.C. § 201 *et seq.*, the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101 *et seq.*, the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1 *et seq.*, and Pennsylvania common law.

## SUMMARY OF CLAIMS

6. Plaintiff brings this action as a collective action to recover unpaid overtime wages, pursuant to the FLSA.

7. In particular, Plaintiff brings this suit on behalf of the following similarly situated persons:

> All current and former Security Guards who have worked for Defendant in the Commonwealth of Pennsylvania during the statutory period covered by this Complaint and elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) ("Collective Class").

8. Plaintiff allege on behalf of the Collective Class that they are: (a) entitled to unpaid overtime wages for all hours worked in excess of forty in a work week; and (b) entitled to liquidated damages pursuant to the FLSA.

9. In addition, Plaintiff also brings this action as a state-wide class action to recover unpaid overtime wages pursuant to the PMWA, the WPCL, and common law (the "PA State Laws").

10. Specifically, Plaintiff brings this suit on behalf of a class of similarly situated

persons composed of:

> All current and former Security Guards who have worked for Defendant in the Commonwealth of Pennsylvania during the statutory period covered by this Complaint (the "PA Class").

11.     Plaintiff allege on behalf of the PA Class that Defendant violated the PA State Laws by failing to pay overtime wages for all hours worked in excess of forty hours in a work week.  In addition, Plaintiff alleges on behalf of the PA Class that they are entitled to liquidate damages pursuant to the PMWA and WPCL.

12.     The Collective Class and the PA Class are collectively referred to herein as the "Classes."

### PARTIES

13.     Plaintiff Archard "Archie" Simmons ("Simmons" or "Plaintiff") is a resident of the Commonwealth of Pennsylvania who is employed by Defendant as a "Site Supervisor" at the Qwest Diagnostics facility located in Horsham, PA.  While employed by Defendant, Plaintiff has been denied compensation for all hours worked in excess of forty in a workweek.

14.     Plaintiff has consented in writing to be plaintiff in this action and hereby submits his executed Consent To Sue form as Exhibit "A."

15.     Defendant Allied Universal ("Allied Universal") is the product of the merger between two companies: AlliedBarton Security Services and Universal Services of America. The merger was finalized in August of 2016.  As set forth below, Defendant Allied Universal maintained one of its corporate headquarters in the geographic area encompassed within this jurisdictional district.  During the Class Period, Defendant improperly failed to pay Security Guards for all hours worked in contravention of applicable law.  Upon information and belief, at all relevant times, Defendant Allied Universal's annual gross volume of sales made or business

done was not less than $500,000.00.

16.     Defendant Universal Protection Service, LLC ("Universal") is, upon information and belief, a subsidiary of Defendant Allied Universal.  Notably, Plaintiff's paychecks were from Allied Universal.  Upon information and belief, at all relevant times, Defendant Universal's annual gross volume of sales made or business done was not less than $500,000.00.

17.     Plaintiff is unaware of the names and the capacities of those defendants sued as DOES 1 through 10 but will seek leave to amend this Complaint once their identities become known to Plaintiff.  Upon information and belief, Plaintiff alleges that at all relevant times each defendant was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants.  In engaging in the alleged conduct herein, defendants acted in the course, scope of, and in furtherance of the aforementioned relationship.  Accordingly, unless otherwise specified herein, Plaintiff will refer to all defendants collectively as "Defendant" and each allegation pertains to each of the defendants.

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq*.

19.     This Court also has original jurisdiction over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  This is a putative class action whereby: (a) the proposed Rule 23 class consists of over 100 or more members; (b) at least some of the members of the proposed class have a different citizenship from Defendant; and (c) the claims of the proposed Rule 23 class exceed $5,000,000.00 in the aggregate.

20.     Further, this Court also has supplemental jurisdiction over Plaintiff' state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

21.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendant is subject to personal jurisdiction in this district.

22.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## FACTUAL ALLEGATIONS

23.     The crux of the FLSA and PA State Laws is, *inter alia*, that all employees are entitled to premium overtime compensation for all hours worked in excess of 40 hours a week.

24.     Contrary to these basic protections, Defendant failed to pay Plaintiff and members of the Classes for all hours worked in excess of forty in a workweek.

25.     Plaintiff and the members of the Classes are, or were, Security Guards who worked at one or more of the facilities in which Defendant contracted with third parties to provide security services for.

26.     Security Guards include both the hourly-paid  security personnel and their hourly-paid supervisors (site supervisors) both of which provided security services for the third parties, who contracted with Defendant.

### The Merger & Defendant's Reporting Structure

27.     Allied Universal was formed in August 2016 with the merger of AlliedBarton Security Services ("AlliedBarton") and Universal Services of America ("Universal Services").

28.     The merger was in response to consolidation in the U.S. security services market. Allied Universal now has approximately 140,000 individuals and maintains headquarters in Santa Ana, California and Conshohocken, Pennsylvania.

29.     As a result of the merger, the Chief Executive Officer ("CEO") of Universal Services, Steve Jones, became the CEO of Allied Universal and the CEO of AlliedBarton

became the Chairman of the Board of Allied Universal.

30.    After the merger, Allied Universal offered the following lines of services to its clients: (a) Allied Universal Security Systems, (b) Allied Universal Building Maintenance Services, and (c) Allied Universal Staffing Services.

31.    Within Defendant's corporate structure, Security Guards who work at one of Defendant's client's locations report their hours to a regional/branch office. That office then, upon information and belief, reports the hours to one of Defendant's headquarters for payroll processing and distribution of paychecks.

32.    One such regional/branch office is the King of Prussia office located at 150 South Warner Road, Suite 170, King of Prussia, Pennsylvania.

33.    Upon information and belief, within the King of Prussia office, Thomas Eliason holds the title "Branch Manager for Pennsylvania."

**Plaintiff's Experience**

34.    Plaintiff works as a Security Guard at the Qwest Diagnostics facility located in Horsham, Pennsylvania ("Qwest Horsham").

35.    He has been employed by Defendant and/or one of its predecessor entities since 2007. He has been a supervisor since 2010.

36.    He typically works five to six days per week, having off Saturdays and occasionally Sundays. His typical work day is eight to ten hours long. On occasion, he works a double shift thereby working upwards of ten to twelve hours that day.

37.    Plaintiff was paid an hourly rate of $13.90 per hour. Thus, his overtime rate was $20.85 per hour.

38.    Plaintiff and his fellow Security Guards at the Qwest Horsham location reported

their hours to Defendant's King of Prussia office.

**Defendant's Failure To Pay All Overtime Worked**

39.     Plaintiff works as a Security Guard at the Qwest Horsham location.

40.     At this location, Defendant calculates that it will require Security Guards to incur 253 hours providing security services for the Quest location as this is the time that Qwest wants the Security Guards protecting its property.

41.     However, Security Guards at the Qwest Horsham location regularly incur overtime hours protecting the property due to, among other things, working past their scheduled shift due to a particularly busy day at the location and/or the location being short staffed.

42.     Upon information and belief, Security Guards also incur overtime at other locations due to similar reasons – busy day at the location, being short staffed, tardy/absent colleagues.

43.     Thus, Security Guards on occasion, work past their scheduled shift and/or work additional shifts which results in overtime being incurred.

44.     Accordingly, Defendant is well aware of the fact that Security Guards can and do work in excess of forty hours per week.

45.     Upon information and belief, since the merger, Defendant has been systematically failing to pay Security Guards for all hours worked – in particular premium compensation for hours worked in excess of forty in a workweek.

46.     For example, in the week ending November 17, 2016, Plaintiff worked forty-eight (48) hours according to the work schedule.  *See* Exhibit "B."  The following week, Plaintiff worked sixty-one (61) hours according to Qwest Horsham schedule.  *Id.*  These times are also reflected in the Employee Sign-In sheets for each of these weeks.  *See* Exhibit "C" and "D,"

respectively.

47.     Yet, according to Plaintiff's Earnings Statement for each of these respective weeks, Plaintiff was only paid for forty (40) hours each week.[1]  *See* Exhibits "E" and "F."

48.     This failure to pay for all overtime worked, according to Plaintiff, has been an ongoing issue since, at least, October 2016.

49.     Despite Plaintiff's repeated requests, Defendant has failed to reimburse Plaintiff for all overtime worked.  Rather, on one occasion in December 2016, Defendant provided Plaintiff a check for 10 hours of work at his overtime rate of $20.85.  *See* Exhibit "G."

50.     To date, Plaintiff has still not been paid for all hours worked.

51.     Plaintiff is aware of other Security Guards, both at the Quest Horsham location and at other of Defendant's locations, who have not been paid for all overtime hours worked. Such locations include those that also report to Defendant's King of Prussia office such as Security Guards who work at the Comcast location in Horsham, Pennsylvania.

52.     Defendant has been unjustly enriched to the detriment of the Classes by: (a) failing to pay Security Guards for all hours worked; (b) requiring Security Guards to forfeit all or part of their overtime compensation to Defendant; and (c) failing to pay Security Guards premium overtime compensation for all hours worked in excess of forty in a work week.

53.     Evidence generally reflecting the number of uncompensated hours worked by Security Guards is in the possession of Defendant.

54.     While Plaintiff is unable to state at this time the exact amount owed to the Classes, Plaintiff believes that such information will become available during the course of

---

[1] For the week ending November 24th, which was the week that included the Thanksgiving holiday, Plaintiff was paid his regular rate for 32 hours and his holiday rate (which is the same as his overtime rate) for 8 hours.

discovery. Irrespective of the foregoing, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946).

## CLASS & COLLECTIVE ACTION ALLEGATIONS

55.     Plaintiff brings this action on behalf of the Collective Class as a collective action pursuant to the FLSA. Plaintiff also brings this action as a class action pursuant to F.R.C.P. 23 on behalf of herself and the PA Class for claims under the PA State Laws.

56.     The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. §216(b). The claims brought pursuant to the PA State Laws may be pursued by all similarly-situated persons who do not opt out of the PA Class pursuant to F.R.C.P. 23.

57.     Upon information and belief, the members of each of the Classes are so numerous that joinder of all members is impracticable. While the exact number of the members of these Classes is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes there are over forty individuals in each of the Classes.

58.     Defendant has acted or has refused to act on grounds generally applicable to the Classes, thereby making final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole, appropriate.

59.     The claims of Plaintiff are typical of the claims of the Classes she seeks to represent. Plaintiff and the members of the Classes work or have worked for Defendant and were subject to the same compensation policies and practices, including not being compensated for all hours worked.

60.     Common questions of law and fact exist as to the Classes that predominate over

any questions only affecting them individually and include, but are not limited to, the following:

      (a)    whether Plaintiff and Security Guards were paid for all hours worked by Defendant;

      (b)    whether Defendant has failed to pay overtime compensation for all hours worked in excess of 40 per workweek;

      (c)    whether Plaintiff and members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages; and

      (d)    whether Defendant is liable for attorney's fees and costs.

61.    Plaintiff will fairly and adequately protect the interests of the Classes as his interests are in alignment with those of the members of the Classes. He has no interests adverse to the class he seeks to represent, and has retained competent and experienced counsel.

62.    The class action/collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy. The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

63.    Plaintiff and the Classes he seeks to represent have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendant's pay practices.

64.    Defendant has acted willfully and has engaged in a continuing violation of the FLSA and PA State Laws.

### FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT OVERTIME WAGE VIOLATIONS
**(On Behalf of the Collective Class)**

65.    Plaintiff, on behalf of himself and the Collective Class, re-alleges and

incorporates by reference the paragraphs above as if they were set forth again herein.

66.     At all relevant times, Defendant has had gross revenues in excess of $500,000.00.

67.     At all relevant times, Defendant has been and continue to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

68.     At all relevant times, Defendant has employed, and/or continues to employ, Plaintiff and each of the Collective Class Members within the meaning of the FLSA.

69.     At relevant times in the period encompassed by this Complaint, Defendant has a willful policy and practice of refusing to pay premium overtime compensation for all hours worked in excess of 40 hours per workweek due to Defendant's pay practice.

70.     Defendant has violated and, continues to violate, the FLSA.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

71.     Due to Defendant's FLSA violations, Plaintiff, on behalf of himself and the members of the Collective Class, are entitled to recover from the Defendant, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## PENNSYLVANIA MINIMUM WAGE ACT– OVERTIME WAGE VIOLATIONS
### (On Behalf of the PA Class)

72.     Plaintiff, on behalf of himself and the members of the PA Class, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

73.     At all relevant times, Defendant has employed, and/or continues to employ, Plaintiff and each of the PA Class Members within the meaning of the PMWA.

74.     At relevant times in the period encompassed by this Complaint, Defendant has a willful policy and practice of refusing to pay premium overtime compensation for all hours worked in excess of 40 hours per workweek.

75.     Pursuant to Defendants' policies and procedures, Plaintiff and the members of the PA Class were improperly all compensation due and owing including when a Security Guard worked in excess of forty hours in a particular week.

76.     This did not compensate Security Guards premium overtime compensation in an amount at least equal to one and one-half times the applicable minimum wage for all hours worked in excess of forty in a workweek.

77.     Defendant has violated and, continues to violate, the PMWA.

78.     Due to the Defendant's violations, Plaintiff, on behalf of himself and the members of the PA Class, are entitled to recover from Defendant the amount of unpaid overtime wages, attorneys' fees and costs.

**THIRD CLAIM FOR RELIEF**
**PENNSYLVANIA WAGE PAYMENT COLLECTION LAW**
**(On Behalf of the PA Class)**

79.     Plaintiff, on behalf of himself and the members of the PA Class, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

80.     At all relevant times, Defendant has employed, and/or continues to employ, Plaintiff and each of the PA Class Members within the meaning of the WPCL.

81.     Pursuant to the WPCL, Plaintiff and the members of the PA Class were entitled to receive all compensation due and owing to them on their regular payday.

82.     As a result of Defendant's unlawful policies, Plaintiff and the members of the PA Class have been deprived of compensation due and owing.

83.    Plaintiff, on behalf of himself and the members of the PA Class, are entitled to recover from Defendant the amount of unpaid compensation, and an additional amount of 25% of the unpaid compensation as liquidated damages.

**FOURTH CLAIM FOR RELIEF**
**PENNSYLVANIA COMMON LAW – UNJUST ENRICHMENT**
**(On Behalf of the PA Class)**

84.    Plaintiff, on behalf of herself and the PA Class Members, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

85.    Plaintiff and the members of the PA Class were employed by Defendant within the meaning of the PA State Laws.

86.    At all relevant times, Defendant has a willful policy and practice of denying Security Guards their full compensation for all hours worked in excess of forty in a workweek.

87.    During the class period covered by this Complaint, Defendant has a willful policy and practice of having Security Guards subsidize Defendant's business expenses by requiring Security Guards to effectively forfeit a portion of their compensation due and owing to Defendant.

88.    Defendant retained the benefits of these unlawful forfeitures from Plaintiff and Security Guards under circumstances which rendered it inequitable and unjust for Defendant to retain such benefits.

89.    Defendant was unjustly enriched by subjecting Plaintiff and the members of the PA Class to such unlawful deductions.

90.    As direct and proximate result of Defendant's unjust enrichment, Plaintiff and the members of the PA Class have suffered injury and are entitled to reimbursement, restitution, and disgorgement from Defendant of the benefits conferred by Plaintiff and the PA Class.

91.    Plaintiff, on behalf of himself and the members of the PA Class, are entitled to

reimbursement, restitution, and disgorgement of monies received by Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and/or on behalf of himself and all other similarly situated members of the Collective Class and members of the PA Class:

A.      Designation of this action as a collective action on behalf of the Collective Class, and prompt issuance of notice pursuant to 29 U.S.C. §216(b), apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b);

B.      Designation of the action as a class action under F.R.C.P. 23 on behalf of the PA Class;

C.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and PMWA;

D.      An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

E.      An award of unpaid overtime wages to Plaintiff and the members of the Classes;

F.      Restitution of wages and gratuities improperly retained by Defendant;

G.      An award of liquidated damages to Plaintiff and members of the Classes;

H.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff and members of the Classes; and

I.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this complaint.

Date: <u>March 7, 2017</u>

Respectfully submitted,
**KALIKHMAN & RAYZ, LLC**

_____
Arkady "Eric" Rayz
Demetri A. Braynin
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone:  (215) 364-5030
Facsimile:  (215) 364-5029
E-mail: erayz@kalraylaw.com
E-mail: dbraynin@kalraylaw.com

**CONNOLLY WELLS & GRAY, LLP**
Gerald D. Wells, III
Robert J. Gray
2200 Renaissance Blvd., Suite 275
King of Prussia, PA 19406
Telephone: (610) 822-3700
Facsimile: (610) 822-3800
Email: gwells@cwglaw.com
Email: rgray@cwglaw.com

Counsel for Plaintiff and the Proposed Class

# EXHIBIT "A"

## CONSENT TO BECOME A PARTY PLAINTIFF

1.    I, Archard Simmons, consent to sue as a Plaintiff in this action, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq.

2.    During the applicable period, I was an employee of Defendants and was not paid the mandated minimum wage for all hours worked.

3.    By my signature below, I hereby authorize counsel to prosecute the claims in my name and on my behalf, in this action, for Defendants' improper use of a tip credit and failure to pay minimum wages as required under federal law.


2-1-17
Date

Archard Simmons
Print Name

Richard Simmons
Signature

# EXHIBIT "B"

# Quest - Horsham Schedule

**week ending 17th →**

| Date/Time | Supervisor | Fri. | Sat. | Sun. | Mon. | Tues. | Wed. | Thurs. |
|---|---|---|---|---|---|---|---|---|
| | Simmons | Nov 11 | NOV 12 | NOV 13 | NOV 14 | NOV 15 | Nov 16 | Nov 17 |
| 8AM-4PM | | SIMMONS | ■ | ■ | 6 HR SIMMONS | SIMMONS | SIMMONS | (10HR SIMMONS) |
| 4PM-12AM | | ■ | ■ | ■ | ■ | ■ | ■ | ■ |
| 9PM-6AM | | ■ | X | X | ■ | ■ | ■ | ■ |
| 12AM-8AM | | ■ | | (*** SIMMONS) | ■ | ■ | ■ | ■ |
| 8AM-4PM | 800 BLDG | ■ | X | X | ■ | ■ | ■ | ■ |

**week ending 24TH →**

| Date/Time | Supervisor | Fri. | Sat. | Sun. | Mon. | Tues. | Wed. | Thurs. |
|---|---|---|---|---|---|---|---|---|
| | Simmons | Nov 18 | NOV 19 | Nov 20 | Nov 21 | Nov 22 | Nov 23 | NOV 24 |
| 8AM-4PM | | Simmons | ■ | ■ | (10 HRS SIMMONS) | (9 HRS SIMMONS) | SIMMONS | SIMMONS |
| 4PM-12AM | | (** ** SIMMONS) | ■ | (6 HRS SIMMONS) | ■ | ■ | SIMMONS | (SIMMONS) |
| 9PM-6AM | | | X | ■ | ■ | ■ | ■ | ■ |
| 12AM-8AM | | ■ | ■ | ■ | ■ | ■ | ■ | ■ |
| 8AM-4PM | | ■ | X | X | ■ | ■ | ■ | closed |

Simmons worked 21 HRS overtime

# EXHIBIT "C"

# EMPLOYEE SIGN-IN

Week ending 17th

Nov 17TH, 2016


Universal Protection Service

Week Ending Date 11-17-16
Page 1 of 1

Quest Diagnostics     Address: 900 Business Drive Horsham Pa 19044     Job #: GM-633672

| Employee Name | In/Out | 11-11-16 Friday | hrs | 11-12-16 Saturday | hrs | 11-13-16 Sunday | hrs | 11-14-16 Monday | hrs | 11-15-16 Tuesday | hrs | 11-16-16 Wednesday | hrs | 11-17-16 Thursday | hrs | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Print: A. SIMMONS- ▮ Sign: | in | 8 AM | 8 | | | | | 12 AM | 14 HR | 8 Am | 8 | 8 Am | 8 | 8 Am | 10 HR | 48 |
| | out | 4 PM | | | | | | 2 Pm | | 4 Pm | | 4 Pm | | 6 Pm | | |
| ▮ Sign: | in | 4 Pm | 8 | | | 4 Pm | 8 | 2 Pm | 10 HR | | | 12 Am | 8 | 12 Am | 8 | 42 |
| | out | 12 Am | | | | 12 Am | | 12 AM | | | | 8 Am | | 8 Am | | |
| Print: ▮ Sign: | in | 12 Am | 8 | 12 AM | 8.75 | 12 Am | 8 | | | 4 Pm | 8 | 4 Pm | 8 | | | 40.75 |
| | out | 8 Am | | 8:45 AM | | 8 Am | | | | 12 Am | | 12 Am | | | | |
| ▮ Sign: | in | 8 Am | 8 | | | | | 8 Am | 8 | 8 Am | 8 | 8 Am | 8 | 8 Am | 8 | 40 |
| | out | 4 Pm | | | | | | 4 Pm | | 4 Pm | | 4 Pm | | 4 Pm | | |
| Print: ▮ Sign: | in | 9 Pm | 9 | | | | | 9 Pm | 9 | 9 Pm | 9 | | | 9 Pm | 9 | 36 |
| | out | 6 Am | | | | | | 6 Am | | 6 Am | | | | 6 Am | | |
| Print: ▮ Sign: | in | | | 8:45 AM | 7.25 | | | | | | | | | 6 Pm | 6 | 13.25 |
| | out | | | 4 Pm | | | | | | | | | | 12 Am | | |
| Print: ▮ Sign: | in | | | 4 Pm | 8 | 8 Am | 8 | | | | | | | | | 16 |
| | out | | | 12 Am | | 4 Pm | | | | | | | | | | |
| Print: ▮ Sign: | in | | | | | | | | | | | 9 Pm | 9 | | | 9 |
| | out | | | | | | | | | | | 6 Am | | | | |
| Print: ▮ Sign: | in | | | | | | | | | 12 Am | 8 | | | | | 8 |
| | out | | | | | | | | | 8 Am | | | | | | |
| **TOTAL:** | | 41 | | 24 | | 24 | | 41 | | 41 | | 41 | | 41 | | 253 |

TIME VERIFIED BY _____

# EXHIBIT "D"

Week ending 24TH

# EMPLOYEE SIGN-IN

Nov 24TH, 2016

Universal Protection Service

Week Ending Date **11-24-16**
Page    1 of 1

Quest Diagnostics     Address:     900 Business Drive Horsham Pa 19044     Job #:     GM-633672

| Employee Name | | DATE | 11-18-16 | hrs | 11-19-16 | hrs | 11-20-16 | hrs | 11-21-16 | hrs | 11-22-16 | hrs | 11-23-16 | hrs | 11-24-16 | hrs | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | DAY | Friday | | Saturday | | Sunday | | Monday | | Tuesday | | Wednesday | | Thursday | | |
| Print: A. Simmons- ▓▓ | in | | 8 Am | 12 HR | | | 6 Pm | 6 | 8 Am | 10 HR | 8 Am | 9 | 8 Am | 12 HR | 8 Am | 12 HR | 61 |
| Sign: | out | | 8 Pm | | | | 12 Am | | 6 Pm | | 5 Pm | | 8 Pm | | 8 Pm | | |
| Print: ▓▓ | in | | 12 Am | 8 | 12 Am | 8.75 | 12 Am | 8 | | | | | 12 Am | 8 | 12 Am | 8 | 40.75 |
| Sign: | out | | 8 Am | | 8:45 Am | | 8 Am | | | | | | 8 Am | | 8 Am | | |
| Print: ▓▓ | in | | 8 Pm | 4 | | | | | | | | | 8 Pm | 4 | | | 8 |
| Sign: | out | | 12 Am | | | | | | | | | | 12 Am | | | | |
| Print: ▓▓ | in | | 8 Am | 8 | | | | | 8 Am | 8 | 8 Am | 8 | 8 Am | 8 | Bldg closed | | 32 |
| Sign: | out | | 4 Pm | | | | | | 4 Pm | | 4 Pm | | 4 Pm | | | | |
| Print: ▓▓ | in | | 9 Pm | 9 | | | | | 9 Pm | 9 | 9 Pm | 9 | | | 9 Pm | 9 | 36 |
| Sign: | out | | 6 Am | | | | | | 6 Am | | 6 Am | | | | 6 Am | | |
| Print: ▓▓ | in | | | | 8:45 Am | 7.25 H | | | 6 Pm | 6 | | | | | 8 Pm | 4 | 17.25 |
| Sign: | out | | | | 4 Pm | | | | 12 Am | | | | | | 12 Am | | |
| Print: ▓▓ | in | | | | 4 Pm | 8 | 8 Am | 10 HR | | | 5 Pm | 7 | | | | | 25 |
| Sign: | out | | | | 12 Am | | 6 Pm | | | | 12 Am | | | | | | |
| Print: ▓▓ | in | | | | | | | | 12 Am | 8 | 12 Am | 8 | 9 Pm | 9 | | | 25 |
| Sign: | out | | | | | | | | 8 Am | | 8 Am | | 6 Am | | | | |
| Print: | in | | | | | | | | | | | | | | | | |
| Sign: | out | | | | | | | | | | | | | | | | |
| | | TOTAL: | 41 | | 24 | | 24 | | 41 | | 41 | | 41 | | 33 | | 245 |

TIME VERIFIED BY



# EXHIBIT "E"

# Earnings Statement

Universal Protection Service, LLC
1551 N, Tustin Ave., Ste 650
Santa Ana, CA 92705
(714)619-9700

Period Beg/End    11/11/2016 - 11/17/2016
Advice Date:      11/23/2016
Advice Number:    25244673
Batch Number:     40286
Employee No:      



ARCHARD SIMMONS

| Exemptions | Addl | Status |
|---|---|---|
| Fed: | 2 | $0.00 | Single |
| State: | 2 | $0.00 | |

| Gross Pay | Current | YearToDate | Misc Income/Adj | Current | YearToDate |
|---|---|---|---|---|---|
| Wages | 556.00 | 1939.05 | | | |
| Misc Income/Adj | .00 | .00 | | | |
| Total Gross Pay | 556.00 | 1939.05 | | | |
| Deductions | | | | | |
| Pre-tax | 44.43 | 152.20 | | | |
| Taxes | 114.23 | 7695.06 | | | |
| Additional Deductions | 1.16 | 3.48 | Pre-Tax Deductions | | |
| Total Deductions | 159.82 | 7850.74 | MVP Plan (EE Only) | 38.37 | 134.02 |
| NET PAY | 396.18 | 01.365.76 | Cigna DPPO | 6.06 | 18.18 |
| Federal Earnings | 511.57 | 31638.44 | | | |
| FICA Earnings | 511.57 | 31638.44 | | | |

| Wages | Reg | Prem | Reg | OT | DT | Taxes | | |
|---|---|---|---|---|---|---|---|---|
| WkEnding Type | Rate | Rate | Hours | Hours | Hours | Federal W/H | 27.96 | 2997.92 |
| 11/17/16 Regular | 13.900 | | 40.00 | | | FICA | 31.72 | 1963.55 |
| | | | | | | Medicare | 7.42 | 458.79 |
| | | Total | 40.00 | .00 | .00 | PA W/H | 15.71 | 971.32 |
| | | | | | | PA SUI W/H | .47 | 22.55 |
| | | | | | | PA, Philadelphia Cit | 19.95 | 1236.93 |
| | | | | | | PA LST, Horsham Twp | 1.00 | 46.00 |

Additional Deductions
Vol Employee SUP Lif    1.16    3.48

---

Advice Number:    25244673

Universal Protection Service, LLC        Advice Date:    11/23/2016
1551 N. Tustin Ave,, Ste 650
Santa Ana, CA 92705

| Deposited to the account of | Account Number | Amount |
|---|---|---|
| ARCHARD SIMMONS | XXXXXXXX4971 | 396.18 |

# NON-NEGOTIABLE

# EXHIBIT "F"

# Earnings Statement

Universal Protection Service, LLC
1551 N. Tustin Ave., Ste 650
Santa Ana, CA 92705
(714)619-9700

Page 001 of 001
Period Beg/End     11/18/2016 - 11/24/2016
Advice Date:       12/01/2016
Advice Number:     25329472
Batch Number:      40327
Employee No:

ARCHARD SIMMONS




|          | Exemptions | Addl   | Status |
|----------|------------|--------|--------|
| Fed:     | 2          | $0.00  | Single |
| State:   | 2          | $0.00  |        |

| Gross Pay             | Current | | | | YearToDate | Misc Income/Adj         | Current | YearToDate |
|-----------------------|---------|---|---|---|------------|-------------------------|---------|------------|
| Wages                 | 611.60  | | | | 2550.65    |                         |         |            |
| Misc Income/Adj       | .00     | | | | .00        |                         |         |            |
| Total Gross Pay       | 611.60  | | | | 2550.65    |                         |         |            |
| Deductions            |         | | | |            |                         |         |            |
| Pre-tax               | 48.31   | | | | 200.51     |                         |         |            |
| Taxes                 | 129.58  | | | | 7824.64    |                         |         |            |
| Additional Deductions | 1.16    | | | | 4.64       | Pre-Tax Deductions      |         |            |
| Total Deductions      | 179.05  | | | | 8029.79    | MVP Plan (EE Only)      | 42.25   | 176.27     |
|                       |         | | | |            | Cigna DPPO              | 6.06    | 24.24      |
| Federal Earnings      | 563.29  | | | | 32201.73   |                         |         |            |
| FICA Earnings         | 563.29  | | | | 32201.73   |                         |         |            |

| Wages         |       | Reg    | Prem | Reg    | OT    | DT    |                        |         |            |
|---------------|-------|--------|------|--------|-------|-------|------------------------|---------|------------|
| WkEnding Type |       | Rate   | Rate | Hours  | Hours | Hours |                        |         |            |
| 11/24/16 Regular       | 13.900 |      | 32.00  |       |       | Taxes                  |         |            |
| 11/24/16 Holiday Work  | 20.850 |      | 8.00   |       |       | Federal W/H            | 45.72   | 3043.64    |
|               |       |        |      |        |       |       | FICA                   | 34.92   | 1996.47    |
|               |       | Total  |      | 40.00  | .00   | .00   | Medicare               | 8.17    | 466.96     |
|               |       |        |      |        |       |       | PA W/H                 | 17.29   | 988.51     |
|               |       |        |      |        |       |       | PA SUI W/H             | .51     | 23.06      |
|               |       |        |      |        |       |       | PA, Philadelphia Cit   | 21.97   | 1258.90    |
|               |       |        |      |        |       |       | PA LST, Horsham Twp    | 1.00    | 47.00      |

| Additional Deductions  |      |      |
|------------------------|------|------|
| Vol Employee SUP L&K   | 1.16 | 4.64 |

Advice Number:   25329472

Universal Protection Service, LLC                        Advice Date:     12/01/2016
1551 N. Tustin Ave., Ste 650
Santa Ana, CA 92705

| Deposited to the account of | Account Number | Amount |
|-----------------------------|----------------|--------|
| ARCHARD SIMMONS             | XXXXXXXX4971   | 432.55 |

NON-NEGOTIABLE

# EXHIBIT "G"

# Earnings Statement

*Universal Protection Service, LLC*
*1551 N. Tustin Ave., Ste 650*
*Santa Ana, CA 92705*
*(714)619-9700*

Page 001 of 001
Period Beg/End  11/25/2016 - 12/01/2016
Advice Date:    12/05/2016
Advice Number:  25345377
Batch Number:   40355
Employee No:    

ARCHARD SIMMONS



| | Exemptions | Addl | Status |
|---|---|---|---|
| Fed: | 2 | $0.00 | Single |
| State: | 2 | $0.00 | |

| Gross Pay | Current | YearToDate | Misc Income/Adj | Current | YearToDate |
|---|---|---|---|---|---|
| Wages | 208.50 | 2759.15 | | | |
| Misc Income/Adj | .00 | .00 | | | |
| Total Gross Pay | 208.50 | 2759.15 | | | |
| Deductions | | | | | |
| Pre-tax | .00 | 200.51 | | | |
| Taxes | 32.62 | 7857.26 | | | |
| Additional Deductions | .00 | 4.64 | **Pre-Tax Deductions** | | |
| Total Deductions | 32.62 | 8062.41 | Cigna DPPO | | 24.24 |
| NET PAY | 175.88 | 61199*. 20 | MVP Plan (EE Only) | | 176.27 |
| Federal Earnings | 208.50 | 32410.23 | | | |
| FICA Earnings | 208.50 | 32410.23 | | | |

| Wages | Reg | Prem | Reg | OT | DT | | | |
|---|---|---|---|---|---|---|---|---|
| WkEnding Type | Rate | Rate | Hours | Hours | Hours | | | |
| 12/01/16 Adjustment | 20.850 | | 10.00 | | | **Taxes** | | |
| | | | | | | Federal W/H | .95 | 3044.59 |
| | | | | | | FICA | 12.93 | 2009.40 |
| | | Total | 10.00 | .00 | .00 | Medicare | 3.02 | 469.98 |
| | | | | | | PA W/H | 6.40 | 995.01 |
| | | | | | | PA SUI W/H | .19 | 23.25 |
| | | | | | | PA, Philadelphia Cit | 8.13 | 1267.03 |
| | | | | | | PA LST, Horsham Twp | 1.00 | 48.00 |

**Additional Deductions**
Vol Employee SUP Lif                        4.64

---

| | Advice Number: | 25345377 |
|---|---|---|
| Universal Protection Service, LLC | Advice Date: | 12/05/2016 |
| 1551 N. Tustin Ave., Ste 650 | | |
| Santa Ana, CA 92705 | | |

| Deposited to the account of | Account Number | Amount |
|---|---|---|
| ARCHARD SIMMONS | XXXXXXXX4971 | 175.88 |

NON-NEGOTIABLE